UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
68th Street Gourmet Deli Corp,                :
                                              :      **SUMMARY ORDER OF**
                         Plaintiff,           :      **DISMISSAL**
                                              :
              -against-                       :      22-cv-05356(DLI)(RLM)
                                              :
United States Department of Agriculture,      :
                                              :
                         Defendant.           :
                                              :
------------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On September 8, 2022, 68th Street Gourmet Deli Corp. ("Plaintiff") filed this action seeking judicial review of the determination by the U.S. Department of Agriculture, Food and Nutrition Service ("FNS") disqualifying Plaintiff permanently from the Supplemental Nutrition Assistance Program ("SNAP") and imposing a civil money penalty in the amount of $22,000. *See*, Compl., Dkt. Entry No. 1. For the reasons sent forth below, this matter is dismissed *sua sponte* for lack of jurisdiction.

Plaintiff is a New York corporation doing business at 6809 3rd Ave, Brooklyn, New York 11220. *See*, Compl. ¶ 3. FNS' Office of Retailer Operations and Compliance issued a decision disqualifying Plaintiff permanently from participating in SNAP, effective March 8, 2021. *See*, Compl. ¶ 7. FNS based this disqualification decision on Plaintiff's alleged participation in SNAP trafficking and selling non-food items in EBT transactions. *See*, Compl. ¶ 10.

On March 8, 2021, Plaintiff's previous owner received a SNAP disqualification letter from FNS explaining that the sale or transfer of Plaintiff during the disqualification period could result in a civil money penalty. *See*, Compl. ¶ 8. Subsequently, Mr. Nagib Issa ("Issa") became

Plaintiff's owner. *See*, Compl. ¶¶ 3, 9. On February 2, 2022, Issa received a letter from FNS stating that Plaintiff had been disqualified permanently from SNAP and, as such, FNS imposed a $22,000 civil money penalty against Plaintiff due to the change in ownership. *See*, Compl. ¶ 9. On August 8, 2022, Plaintiff received a decision[1] from FNS' Administrative Review Branch that is the subject of this action.

FNS administers SNAP and has the authority both to disqualify a store from participation in the program if the store fails to comply with certain regulations, and impose a penalty for the sale or transfer of a store during a period of disqualification. *See*, 7 C.F.R. § 278.6. A party must file a complaint seeking judicial review within thirty (30) days after receiving notice of FNS's final determination. 7 U.S.C. § 2023(a); 7 CFR § 279.7(a).

Plaintiff received the decision for which it seeks review on August 8, 2022 and contends that September 8, 2022 is within the thirty-day filing period. *See*, Compl. ¶ 6. However, Plaintiff's calculation is incorrect. Thirty days after August 8, 2022 is September 7, 2022. Plaintiff filed the instant complaint on September 8, 2022, thirty-one days after receiving notice of FNS' final determination. "District Courts lack jurisdiction to review SNAP disqualification determinations [or civil money penalties] if the complaint is filed more than thirty days after the plaintiff is served with the determination that he seeks to review." *1976 J.J. Deli Grocery Corp., v. Food and Nutrition Service*, No. 20-CV-10203 (CM), 2021 WL 2434466, at *1 (S.D.N.Y. June 15, 2021); *See also*, *Santana v. U.S. Dep't of Agric.*, No. 11-CV-5033 (ENV) (RLM), 2012 WL 2930223, at *2 (E.D.N.Y. July 18, 2012) (citing 7 U.S.C. § 2023(a)(13)). Courts may not and will not modify this thirty-day filing requirement because the jurisdictional provision is a

---

[1] Plaintiff does not identify whether this decision is notice of FNS' final determination of a SNAP disqualification and a civil money penalty. However, given that a party only may seek judicial review of a final determination for a SNAP disqualification and a civil money penalty, the Court construes this decision as notice of FNS' final determination. *See*, 7 U.S.C. § 2023(a); 7 CFR § 279.7(a).

limited waiver of sovereign immunity. *Santana*, 2012 WL 2930223, at *2. Any waivers of sovereign immunity must be "'unequivocally expressed' in statutory text[.]" *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)).

Accordingly, this action is dismissed with prejudice.

SO ORDERED.

Dated: Brooklyn, New York
       November 18, 2022

                                            /s/
                                   DORA L. IRIZARRY
                              United States District Judge